**RECORD NO. 13-4132**

In The

# United States Court Of Appeals

### For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Plaintiff – Appellee,*

v.

## DWANE WASHINGTON,

*Defendant – Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
AT RICHMOND**

_____

**BRIEF OF APPELLANT**

_____

**J. Brian Donnelly
J. BRIAN DONNELLY, P.C.
621 Lynnhaven Parkway
Suite 350
Virginia Beach, VA  23452
(757) 498-3878**

*Counsel for Appellant*

*Gibson*Moore Appellate Services, LLC
421 East Franklin Street  ♦  Suite 230  ♦  Richmond, VA  23219
804-249-7770  ♦  www.gibsonmoore.net

# TABLE OF CONTENTS

**PAGE:**

TABLE OF AUTHORITIES ................................................................... iii

INTRODUCTORY STATEMENT ........................................................1

SUBJECT MATTER AND APPELLATE JURISDICTION...................................1

    1.    Subject Matter Jurisdiction.................................................1

    2.    Appellate Jurisdiction....................................................1

STATEMENT OF ISSUES FOR REVIEW ........................................1

STATEMENT OF THE CASE............................................................2

    Proceedings.................................................................2

STATEMENT OF FACTS ...............................................................4

SUMMARY OF THE ARGUMENTS .................................................11

ARGUMENTS AND CITATIONS OF AUTHORITY ..........................13

    ISSUE I.....................................................................13

        Standard of Review ..............................................13

        Discussion of the Issue ........................................13

    ISSUE II....................................................................21

        Standard of Review ..............................................21

        Discussion of the Issue ........................................21

CONCLUSION ............................................................................23

i

REQUEST FOR ORAL ARGUMENT .................................................................24

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

## <u>TABLE OF AUTHORITIES</u>

<u>PAGE(S):</u>

<u>CASES</u>:

*Flores-Figueroa v. United States*,
    556 U.S. 646 (2009).............................................................................*passim*

*Gall v. United States*,
    128 S. Ct. 586 (2007)....................................................................21

*Nelson v. United States*,
    129 S. Ct. 890 (2009).....................................................................22

*United States v. Booker*,
    543 U.S. 220 (2005)......................................................................22

*United States v. Cox*,
    557 F.3d 833 (7th Cir. 2009) ................................................12, 20

*United States v. Griffith*,
    284 F.3d 338 (2nd Cir. 2002)..............................................15, 19

*United States v. Hamilton*,
    456 F.2d 171 (3rd Cir. 1972) ........................................................15

*United States v. Hughes*,
    401 F.3d 540 (4th Cir. 2005) ......................................................22

*United States v. Jefferson*,
    674 F.3d 332 (4th Cir. 2012) ......................................................13

*United States v. Jones*,
    471 F.3d 535 (4th Cir. 2006) ...................................11, 12, 15, 20

*United States v. Scisum*,
    32 F.3d 1479 (10th Cir. 1994) ....................................................15

*United States v. Taylor*,
239 F.3d 994 (9th Cir. 2001) ..................................................15, 16

*United States v. X-citement Video, Inc.*,
513 U.S.C. 64 (1994) ....................................................................17

## STATUTES:

18 U.S.C. § 1028A(a)(1) .........................................................11, 16, 18

18 U.S.C. § 2423(a) .....................................................................*passim*

18 U.S.C. § 3231 .................................................................................1

18 U.S.C. § 3553(a) .....................................................................*passim*

18 U.S.C. § 3742 .................................................................................1

28 U.S.C. § 1291 .................................................................................1

## RULES:

Fed. R. App. P. 4(b) ...........................................................................1

Fed. R. Crim. P. 33.............................................................................4

## INTRODUCTORY STATEMENT

This Appellate Brief is submitted on behalf of Dwane Washington, (Washington) who is the Defendant/Appellant in the Court below.  The Appellee, the United States of America, was the Prosecutor/Plaintiff in the Court below. Reference to the Joint Appendix shall be designated with the symbol [JA].

## SUBJECT MATTER AND APPELLATE JURISDICTION

1.  **Subject Matter Jurisdiction**

This appeal follows the conviction of Washington, in the United States District Court for the Eastern District of Virginia, Richmond Division. Jurisdiction in the District Court was pursuant to 18 U.S.C. § 3231.

2.  **Appellate Jurisdiction**

A judgment and conviction in a federal criminal case is a final order subject to appeal under Title 28 U.S.C. § 1291.  Given the final judgment from the Eastern District of Virginia, the Fourth Circuit has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.  The Notice of Appeal was timely filed, and in accordance with FRAP Rule 4(b).

## STATEMENT OF ISSUES FOR REVIEW

I.  **Whether the district court erred by not properly instructing the jury on the elements of 18 U.S.C. § 2423(a).**

II. **Whether the district court abused its discretion by imposing an upward variance.**

# STATEMENT OF THE CASE

**Proceedings:**

Washington was named in a one count indictment returned in the Eastern District of Virginia, Richmond, Virginia on May 22, 2012.  (J.A. 15)  Said indictment charged Washington with the following:  From on or about April 1, 2012, through on or about April 23, 2012, in the Eastern District of Virginia and elsewhere, the defendant, DWANE WASHINGTON, aka "Cisco", knowingly transported an individual who had not attained the age of 18 years, namely JANE DOE, in interstate commerce, with the intent that such individual engage in prostitution or in any sexual activity for which any person can be charged with a criminal offense.  (In violation of Title 18, United States Code, Section 2423(a).)

On May 31, 2012, Washington was arraigned.  He entered a plea of not guilty and requested a trial by jury which was set for July 26, 2012.  On July 23, the trial was continued to August 7, 2012.  On July 27, 2012, a Motion to Withdraw as attorney was filed by Washington's court appointed counsel.  On July 31, 2012, the Motion to Withdraw as attorney was granted and new counsel was appointed as standby counsel.  The trial was continued to October 9, 2012.  On September 7, 2012, Washington requested a change of counsel which was denied on September 21, 2012.  On October 1, 2012, Washington withdrew a Motion to

Withdraw as Self Represented Counsel and standby counsel was designated as active counsel for Washington.

On October 3, 2012, counsel for the government and counsel for the defendant were directed to submit a memorandum addressing whether *Flores-Figueroa v. United States*, 556 U.S. 646 (2009) (J.A. 19) requires the government to prove beyond a reasonable doubt that the defendant knew that Jane Doe had not attained the age of 18 when the defendant transported her across state lines.  (J.A. 19)  The matter proceeded to trial and the court heard argument on the issue of knowledge on the first day of trial and held that the government was not required to prove knowledge of age.  On October 10, 2012, the second day of trial, Washington was found guilty.  Sentencing was scheduled for January 28, 2013.

On November 9, 2012, the court docketed a letter from Washington requesting new counsel and the court further directed Washington to cease filing pro se motions and stated that any future pro se motions submitted by Washington would not be considered by the court.  Washington's letter motion for appointment of new counsel was denied.

On November 27, 2012, a notice was entered that the court would consider sentencing Washington outside of the guideline range and above the guideline range up to the statutory maximum.  (J.A. 411)

A presentence investigative report dated December 24, 2012 was filed and sentencing was scheduled for February 15, 2013. (J.A. 597) Sentencing memoranda were filed by both the government and the defendant. (J.A. 421 and 434) The government filed a motion for upward departure. (J.A. 482) On January 28, 2013 Washington filed a Notice of Violation of Constitutional Rights and Motion to Dismiss Count I of the indictment. (J.A. 503) On January 30, 2013 both motions were treated by the court as a motion for a new trial under Crim. R. 33 and denied. (J.A. 506)

Sentencing was held February 15, 2013. Washington was sentenced to 240 months' imprisonment, supervised release for life, $100 S/A. (J.A. 590) On February 18, 2013 a timely notice of appeal was filed on behalf of Washington. (J.A. 596)

## STATEMENT OF FACTS

Washington was charged with the interstate transportation of a minor for the purpose of prostitution in violation of 18 U.S.C. § 2423(a). The primary witness against Washington was the alleged juvenile victim R.C. also referred to as Nikki during the trial. (J.A. 97)

Nikki testified that she was first introduced to sex and drugs by family members when she was 12 years old. (J.A. 101) She stated that she ran away from home and began prostitution in the spring of 2012. (J.A. 110) She was on her own

4

for approximately one month before she met a series of individuals who acted as her pimp. (J.A. 113-116) In early April 2012, she first met Washington. She testified that she initially had sex with him and later began to prostitute for him. (J.A. 118-121) According to Nikki, during the month of April they travelled to various other cities. They stayed in Nashville for approximately two weeks, later travelled to Clarksville, Tennessee and Birmingham, Alabama. While she was in Birmingham she was arrested by the local police and charged with prostitution. She gave the police officer, the court, and her bondsman a false name and date of birth indicating that she was 19 years old at that time. (J.A. 129) Nikki also stated that while she was with Washington, she also told him that she was 19. (J.A. 131)

She stated that Washington had friends in each of the states she visited. She also stated that she was not sure why they came to Virginia. She thought it was to meet his brother or other friends. (J.A. 132) The first night that they were in Virginia they stayed at the home of a friend. It was not until the next day that she began to prostitute herself in the state of Virginia. (J.A. 133-134)

She would meet "tricks" by posting her name online and making telephone arrangements. While in Virginia, an undercover FBI agent made contact with her for the purpose of prostitution. (J.A. 137) She initially told investigators that she was acting on her own and that Washington was not involved. (J.A. 139)

5

On cross examination Nikki testified that Washington tried to convince her not to use drugs and she believes she may have been off drugs for a period of two weeks. (J.A. 173-174)   She confirmed that she had been arrested on April 12 in Birmingham and that she had lied to the police about her age. (J.A. 177)   She stated that when she first came to Richmond she was met by Chanda Ellsworth, (Ellsworth) a girlfriend of one of Washington's friends.  She stayed the night with Ellsworth and understood that the reason she came to Virginia was for a visit. (J.A. 205-206)

The government called Percy Robinson (Robinson) as a witness.  Robinson stated he had been incarcerated with Washington and during that time Washington made various statements to him.  Washington described why he had been arrested and admitted to Robinson that the victim was 14 years old.  (J.A. 216)

Daniel May, (May) Washington's friend, testified that they talked about the girl; however he could not remember if Washington ever mentioned the purpose of his visit to Virginia. (J.A. 223-227)

Special Agent James Melia testified that he had been alerted by authorities in Baltimore to be on the lookout for a runaway girl possibly prostituting herself. He called the telephone number listed online and made arrangements for a date. (J.A.  263-264) He met up with Nikki and when he determined that she was prostituting herself placed her under arrest.  She was asked about her involvement

and the involvement of her friend Washington who was observed in the area.  (J.A. 269-272)  JA Agent Melia testified he re-interviewed Nikki and she clarified certain misstatements from her first interview, however she never recanted on her testimony that she told Washington she was 19. (J.A. 277)

She acknowledged that she was prostituting and that Washington was aware of this fact.  (J.A.  273)  However she stated that she told Washington she was 19. (J.A. 275) She stated that Washington did not believe her at first, but after she was arrested and made an appearance in court that he became convinced of her age. (J.A. 275)

Special Agent Melia stated that he interviewed May and at that time May stated to him that Washington had admitted to bringing the girl to Virginia for the purpose of prostitution.   (J.A. 287)  The jury was instructed that the purpose of the testimony was to attack May's credibility and was not to be considered as evidence of Washington's guilt.   (J.A. 289)

At the conclusion of the government's evidence the Court denied Washington's Rule 29 Motion.  (J.A. 335)

On the second day of trial the Court reviewed proposed jury instructions, particularly instruction number 23 which stated that the government did not have to prove that the defendant knew that the individual he transported across state

lines was a juvenile.  The Court took notice of defendant's objection to the jury instruction.  (J.A. 245)

At the conclusion of the government's evidence the Court advised Washington of his right to testify or not testify.   (J.A. 336-338)

The defense called George Washington, Jr., the father of the defendant. (J.A. 340)  Mr. Washington testified that prior to Washington's arrest he had been employed and paid approximately $3,000.  (J.A. 342)  Techina Daniels testified that she met Washington in Memphis, Tennessee on or about April 10, 2012.  She described the meeting as a birthday party for their child and did not mention anything about prostitution.   (J.A. 348)

Washington did not testify at trial and the defense rested.  (J.A. 355)

The jury returned the verdict of guilty on October 10, 2012 and thereafter the judgment order was entered by the Court. (J.A. 390)  On November 26, 2012 the Court sua sponta entered the following notice.  "The Court is hereby placing the parties on notice that the Court will consider sentencing Mr. Washington outside of the guideline range.  Specifically, at the sentencing hearing, the Court will consider sentencing Mr. Washington above the guideline range up to the statutory maximum."  (J.A. 411)  The presentence report was filed until December 24, 2012.  The report indicated that the applicable guideline range was 135-168

months comprised of a criminal history category IV and a total offense level of 30.

(J.A. 597)

The government moved for a departure increasing Washington's criminal history category from IV to V and to vary upward by two offense levels and to impose a sentence of imprisonment within the adjusted guideline range of 188-235 months. The government specifically argued that the court could consider among other things prior sentences not used in computing the criminal history category; the fact that Washington committed the instant offense while another trial was pending; and that the Court should consider similar prior criminal conduct that did not result in a criminal conviction. (J.A. 482)

In addition to the grounds the government cited for departure, the government also argued for a variance in light of the factors in 18 U.S.C. § 3553(a) on the grounds that departure alone would still fail to adequately reflect the seriousness of Washington's conduct; his certain likelihood of committing future crimes and because Washington failed to accept responsibility for his actions. The government suggested an upward variance to a sentencing guideline range of 188-235 months.

Washington filed a response and argued that the government essentially concurred with the probation officer's findings and the calculation of a total offense level of 30. Washington noted that the presentence report did not suggest

9

that the offense involved a vulnerable victim or that or that there were any aggravating or mitigating adjustments for his role in the offense. (J.A. 507)

The sentencing hearing was held February 15, 2013 The Court adopted the undisputed factual portion of the presentence report as a finding of fact and acknowledged the guideline sentencing range of 135-168 months as set out in the presentence report. (J.A. 531) The Court acknowledged that had it previously given notice to the defendant and to the prosecution that it would consider sua sponta a variance from the suggested sentencing guideline range. (J.A. 532)

The Court stated that even if a departure was authorized it would exercise its discretion not to depart and that departure would not affect the sentence that it would give eventually in the case. (J.A. 531) The Court gave Washington the opportunity to argue against an upward variance and for a downward variance pursuant to § 3553(a). (J.A. 538) The Court then recited the basis for its decision pursuant to the 3553(a) factors. (J.A. 575)

Discussing the nature and the circumstances of the offense the Court noted that the victim was young and vulnerable, especially since she was addicted to crack-cocaine. (J.A. 575) The Court acknowledge that Washington did take steps to determine if the victim was a minor and acknowledged that the victim told Washington that she was 19. (J.A. 576) The Court noted Washington's lengthy criminal history. (J.A. 576) The Court considered Washington to be manipulative

10

without morality and non-apologetic.  (J.A. 578) The Court noted that the offense was "super serious"; that Washington had no respect for the law and that society demanded a heavy punishment as reflected by the ten year minimum under the statute.  (J.A. 579)

The Court denied Washington's motion for downward variance and acknowledged that it would grant an upward variance beyond the range sought by the government (188-235 months) and impose a sentence of 240 months.  (J.A. 581-582)

In conclusion, the Court felt that a sentence of 240 months would reflect the seriousness of the offense, promote respect for the law, a sentence of 240 months would achieve the goals of sentencing as set forth in 18 U.S.C. § 3553(a).

## SUMMARY OF THE ARGUMENTS

I.     The controlling case in the Fourth Circuit on whether knowledge of a victim's minor status is an element of the § 2423(a) offense is *United States v. Jones*, 471 F.3d 535,538-539 (4th Cir. 2006) which holds that § 2423(a) does not require that the government prove that the defendant knew that his victim was a minor.

In 2009 the Supreme Court while addressing a 18 U.S.C. § 1028A(a)(1), a federal statute forbidding aggravated identity theft held that as a matter of ordinary

English grammar, "knowingly" is naturally read as applying to all the subsequently listed elements of the crime.

Washington submits that *Flores-Figueroa* overrules *Jones*. "In ordinary English, where a transitive verb has an object, listeners in most contexts assume that an adverb (such as knowingly) that modifies the transitive verb tells the listener how the subject performed the entire action, including the object as set forth in the sentence." The "action" referenced in § 2423(a) would be the minor who was transported in interstate commerce. *Flores-Figueroa* at 650.

The Seventh Circuit addressed the same issue in the matter of *United States v. Cox*, 557 F.3d 833 (7th Cir. 2009) and held that *Flores-Figueroa* did not establish a rule for all circumstances and that the court's decision in *Flores-Figueroa* was consistent with the Seventh Circuit's interpretation of § 2423(a) and that the government was not required to prove knowledge of the victim's age.

Washington submits that *Flores-Figueroa* reverses *Jones* and that the Seventh Circuit decision in *Cox* should not be binding on this circuit.

II.    At sentencing the court sua sponta imposed a variance from 168 to 240 months (an increase of approximately 50%) on grounds that were already adequately addressed in the presentence report. Specifically, the court focused on the age and vulnerability of the juvenile, however the evidence would suggest that Washington only knew her for a very limited period of time and during that time

12

believed that she was an adult, a fact that was part of the government's case in chief.

## ARGUMENTS AND CITATIONS OF AUTHORITY

### ISSUE I

Did the district court properly instruct the jury on the elements of 18 U.S.C. § 2423(a)?

**Standard of Review:**

This court reviews de novo a claim that jury instructions failed to correctly state the applicable law. *United States v. Jefferson*, 674 F.3d 332, 351 (4th Cir 2012).

**Discussion of the Issue:**

Washington was charged with violation of 18 U.S.C. § 2423(a) which states as follows:

> Transportation with Intent to Engage in Criminal Sexual Activity. A person who knowingly transports an individual who has not attained age of 18 years in interstate or foreign commerce, or in any commonwealth, territory or possession of the United States, with intent that the individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, shall be fined under this title and prison not less than ten years, or for life.

At the conclusion of the evidence, the court considered the appropriate jury instruction with regard to the issue of knowledge.  Washington had previously proposed the following jury instruction:

"Knowledge of Age.  It is the government's burden to prove beyond a reasonable doubt that Mr. Washington had knowledge that Jane Doe had not attained age of 18 years old when he traveled with her across state lines." (J.A. 17)

The instruction was based on an extension of the argument and ruling in *Flores-Figueroa v. United States*, 556 U.S. 646 (2009).  The proffered jury instruction was denied by the court.

With regard to the elements of the offense the court instructed the jury as follows:

"In order to sustain its burden of proof for the crime of interstate transportation of a minor for prostitution as charged in count one of the indictment the government must prove the following three essential elements beyond a reasonable doubt:

First, the defendant knowingly transported Jane Doe in interstate commerce.  Second, at the time of the transportation Jane Doe was less than 18 years old. And third, at the time of the transportation the defendant intended that Jane Doe would engage in prostitution or other unlawful sexual activity.  (J.A. 375)

The government does not have to prove that the defendant knew that the individual he transported across state lines was under the age of 18 at the time she was transported in order for you to find the defendant guilty of count one.  In other words, the defendant's knowledge of the age of the individual he transported is not part of the proof required by the government in order to sustain a conviction on count one of the indictment." (J.A. 376-377)

14

This circuit previously considered whether a conviction under § 2423(a) requires the government to prove that he knew the victim was under the age of 18. *United States v. Jones*, 471 F.3d 535, 538-539 (2006). Jones argued that "knowingly" applied to the clause "Who has not attained the age of 18 years" and that the defendant's knowledge of the victim's minority was an element of the offense which the government must prove in order to convict. The court disagreed. In doing so, the court joined four other circuits to have considered this question, all of which have stated that the victim's minor status is instead a fact which the prosecution must prove and for which the defendant is responsible. See *United States v. Griffith*, 284 F.3d 338, 351 (2nd Cir. 2002); *United States v. Taylor*, 239 F.3d 994, 997 (9th Cir. 2001); *United States v. Scisum*, 32 F.3d 1479, 1485-86 (10th Cir. 1994); *United States v. Hamilton*, 456 F.2d 171, 173 (3rd Cir. 1972).

The court in *Jones* stated "… and the statute demonstrates that it does not require proof of defendant's knowledge of the victim's minority. It is clear from a grammatical structure of 2423(a) that the adverb "Knowingly" modifies the verb "transports". Adverbs generally modify verbs, and the thought that they would typically modify the infinite hereafters of statutory sentences would cause grammarians to recoil we see nothing on the face of this statute to suggest that the modifying force of "knowingly" extends beyond the verb to other components of the offense." A more natural reading of the statute…is that the requirement of

15

knowledge applies to the defendant's conduct of transporting the person rather than to the age of the person transported." *Taylor*, 239 F.3d at 997.

The issue before this court is whether *Flores-Figueroa v. United States*, 556 U.S. 646 (2009) now requires the government to prove that the defendant knew that the victim was a minor when he transported her in interstate commerce.

Flores-Figueroa was charged with "aggravated identity, theft" in violation of 18 U.S.C. § 1028A(a)(1). The statute forbidding "aggravated identity theft" imposes a mandatory consecutive two-year prison term upon individuals convicted of certain other crimes if, during (or in relation to) the commission of those other crimes, the offender "knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person." The question before the court was whether the statute required the government to show that the defendant knew that the "means of identification" he or she unlawfully transferred, possessed, or used, in fact, belonged to "another person".

The majority of the Court held "as a matter of ordinary English grammar, it seems natural to read the statute's word "knowingly" as applying to "all the subsequently listed elements of the crime", *Flores-Figueroa*, 650.

The court further stated "in ordinary English, where a transitive verb has an object, listeners in most contexts assume that an adverb (such as knowingly) that

16

modifies the transitive verb tells the listener how the subject performed the entire action, including the object as set forth in the sentence. *Flores-Figueroa*, 650.

The court further stated "the manner in which the courts ordinarily interpret criminal statutes is fully consistent with this ordinary English usage.  That is to say courts ordinarily read a phrase and a criminal statute that introduces the elements of the crime with the word "knowingly" as applying that word to each element, citing *United States v. X-citement Video, Inc.*, 513 U.S.C. 64, 79 (1994).

Applying *Flores-Figueroa* to 18 U.S.C. § 2423(a) suggests that the phrase "knowingly" applies to each element of the charged offense.

The district court set forth the three elements necessary to sustain a conviction. First, the defendant knowingly transported Jane Doe in interstate commerce.  Second, at the time of the transportation Jane Doe was less than 18 years old. And third, at the time of the transportation the defendant intended that Jane Doe would engage in prostitution or other unlawful sexual activity.  The government takes the position that the word "knowingly" applies only to the first of the three essential elements. i.e. transport.  The government would argue that the phrase "knowingly" does not apply to the second or third essential elements. Logic would dictate that the third element necessarily incorporates the word "knowingly".  The defendant would have to know what was intended i.e. that Jane Doe would engage in prostitution.  See example set forth in *Flores-Figueroa*, 650-

17

653.  When analyzing 18 U.S.C. § 1028A(a)(1) the "government cannot easily claim that the word "knowingly" applies only to the statute's first four words, or even its first seven.  It makes little sense to read the provision's language as heavily penalizing a person who "transfers, possesses, or uses, without lawful authority" a something, but does not know, at the very least, that the "something" (perhaps inside a box) is a "means of identification."  Would we apply a statute that makes it unlawful to "knowingly" possess drugs and "to a person who steals a passenger's bag without knowing that the bag has drugs inside?"  Additionally, "…if a bank official says, "Smith knowingly transferred the funds to his brother's account's," we would normally understand the bank official's statement as telling us that Smith knew the account was his brother's. *Flores-Figueroa*, 650 "If we say that someone knowingly ate a sandwich with cheese, we normally assume that the person knew both that he was eating a sandwich and that it contained cheese." *Flores-Figueroa*, 651

The *Flores-Figueroa* court acknowledged that dissimilar examples are not easy to find and that the "…government did not provide the court with a single example of a sentence that, when used in typical fashion, would lead the hearer to believe that word "knowingly" modifies only a transitive verb without the full object..."

18

Justice ALITO, concurring in part and concurring in the judgment, stated "interpreting a criminal statute such as the one before us, I think it is fair to begin with a general presumption that the specified mens rea applies to all the elements of the offense, but it must be recognized that there are instances in which context may well rebut that presumption."  For example Justice ALITO cites 18 U.S.C. § 2423(a) which makes it unlawful to transport an individual who has not attained the age of 18 years in interstate or foreign commerce…with intent that the individual engage in prostitution, or any sexual activity for which any person can be charged with a criminal offense." *Flores-Figueroa*, 660.

Justice ALITO notes that the courts of appeals have uniformly held that a defendant need not know the victim's age to be guilty under this statute. See *Griffith.*  ALITO noted that in the present case the government had not prepointed to contextual features that warrant treating 18 U.S.C. § 1028A(a)(1) in a similar way.  Although the government did not point out other examples in support of its position, the majority of the court did not seek to pull up on its own without suggestion from the government examples similar to those cited by Justice Alito. The majority could have pointed out other examples as easily as Justice Alito but chose not to.

It does not appear that the Fourth Circuit has addressed this precise issue in the post-*Flores-Figueroa* era.  Specifically, the Fourth Circuit has not sought to

revisit *Jones*, 471 F.3d 535 (4th Cir. 2006). The Seventh Circuit has. *United States v. Cox*, 557 F.3d 833.

"We are aware that the Supreme Court has recently said that as a matter of English, grammar and criminal statutory interpretation, "knowingly" is naturally read as applying to all the subsequently listed elements of the crime." *Flores-Figueroa*. The court in *Cox* noted that listeners in most context assume that an adverb (such as knowingly) that neither finds the transitive verb tells the listener how the subject performed the entire action, including the as set forth in the sentence." However the Seventh Circuit held that *Flores-Figueroa* did not establish a rule for all circumstances and does not compel an interpretation of § 2423(a) different from the ones that existed prior to *Flores-Figueroa*. The Seventh Circuit felt that the *Flores-Figueroa* court made it clear (pointing to the current opinion by Justice Alito that "the inquiry into a sentence's meaning is a contextual one" and that special context might call for a different statutory interpretation. The Seventh Circuit concluding that *Flores-Figueroa* did not form a new interpretation of § 2423(a).

The majority opinion in *Flores-Figueroa* is quite clear. The word "knowingly" applies to all elements of the offense. The court did not limit its finding to the specific statute that was before it. The majority opinion does not encompass within its findings the position taken by Justice Alito. Washington

submits that had the majority wished to incorporate a reference to exceptions it would have appeared in the text of the majority opinion and not in a concurring opinion.

## ISSUE II

Did the district court abuse its discretion by granting an upward variance?

**<u>Standard of Review</u>:**

Appellate Courts review the sentence imposed by the district court for abuse of discretion. *Gall v. United States*, 128 S. Ct. 586.

**<u>Discussion of the Issue</u>:**

Washington submits that the Court having sent its notice of intent to impose a sentence above the sentencing guideline range prior to the filing of the presentence report indicates that the Court did not take into consideration the sentencing guidelines in the presentence report. If the sentencing judge imposes a sentence outside the guidelines, the judge should explain why he has done so. More "significant justification" under 3553(a) is required for a major variance than for a minor one. *Gall v. United States*, 128 S. Ct. 586, 597 (2007). Washington submits that a variance from the maximum guideline sentencing range of 168 months to 240 months as imposed by the court (14 years-20 years or a 50% increase) constitutes a major variance. The sentencing court must first calculate the guideline range, and then consider what sentence is appropriate for the

21

individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a), explaining any variance from the former with reference to the latter. *Nelson v. United States*, 129 S. Ct. 890, 891-92 (2009); *United States v. Hughes*, 401 F.3d 540 (4th Cir. 2005). Washington submits that if there was error for the Court to prejudge the advisory guidelines without first seeing those guidelines. *United States v. Booker*, 543 U.S. 220 (2005).

The juvenile reported that in March 2012 she had a falling out with her legal guardian and ran away from home. After she ran away, she began to start prostituting herself to make money and to support her crack-cocaine addiction. At some point around the beginning of April 2012, the juvenile met Washington. From that point on the two travelled together until their arrest on April 25, 2012, a period of less than one month.

The juvenile admitted that she lied to Washington about her age and repeatedly told him that she was nineteen years old. She also admitted that Washington to spoke to her "father" and she had him agree to tell Washington that she was nineteen. She recounted an incident where she was arrested and processed as an adult, advising the Court and the bondsman that she was nineteen.

The Court's decision to sentence outside of the sentencing guideline focuses on the age and vulnerability of the juvenile. The evidence would suggest that Washington only knew her for a very limited period of time and that during that

22

time he believed she was an adult.  The evidence would also show that Washington did not initially introduce her to prostitution or to drugs.  This was a behavior that she had adopted prior to meeting Washington.  Under the evidence it cannot be said that Washington knowingly and intentionally exploited a juvenile or caused that juvenile to become addicted to drugs or to prostitution.

These issues were adequately addressed in the presentence report and the calculations applied under the sentencing guidelines.

## <u>CONCLUSION</u>

For the reasons stated above, Appellant respectfully requests that this Honorable Court vacate the conviction, and remand the case to the district court for dismissal of the charges, for a new trial or resentencing consistent with the arguments above.

## <u>REQUEST FOR ORAL ARGUMENT</u>

Appellant believes that oral argument was determining whether a conviction under § 2423(a) requires the government to prove that he knew the victim was under the age of 18 in light of *Flores-Figueroa v. United States*, 556 U.S. 646 (2009).

Respectfully submitted,

/s/ J. Brian Donnelly
J. Brian Donnelly, Esquire
VSB No. 1048
J. Brian Donnelly, P.C.
621 Lynnhaven Parkway, Suite 350
Virginia Beach, VA 23452
(757) 498-3878 Telephone
(757) 962-3837 Facsimile

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1.    This brief complies with the type-volume limitation of Fed. R. App. P.
32(a)(7)(B) because:

      this brief contains <u>5,198</u> words, excluding the parts of the brief
exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App. P.
32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

      this brief has been prepared in a proportional spaced typeface using
<u>Microsoft Word</u> in <u>14 point Times New Roman</u>.

<u>/s/ J. Brian Donnelly</u>
J. Brian Donnelly

*Counsel for Appellant*

Dated:  May 22, 2013

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on May 22, 2013, I electronically filed the foregoing

with the Clerk of Court using the CM/ECF System, which will send notice of such

filing to the following registered CM/ECF users:

Brian R. Hood
Elizabeth Wu
OFFICE OF THE UNITED STATES ATTORNEY
Eastern District of Virginia
Main Street Centre
600 East Main Street
Suite 1800
Richmond, VA  23219-2447

*Counsel for Appellee*

The necessary filing and service were performed in accordance with the

instructions given to me by counsel in this case.

/s/ Shelly N. Gannon
Shelly N. Gannon
GIBSON MOORE APPELLATE SERVICES, LLC
421 East Franklin Street
Suite 230
Richmond, VA  23219